UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABONILICO LAMAR CARROLL, Booking #24753928,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>BRYAN ALBRIGHT, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 25cv0522-BTM (MSB)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a)** |

　　　Abonilico Lamar Carroll is incarcerated at the San Diego Central Jail and proceeding pro se with a civil rights Complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff has not paid the civil filing fee nor filed a motion to proceed in forma pauperis ("IFP").

**I.　　Failure to Pay Filing Fee or Request IFP Status**

　　　All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the $55 administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee

Schedule, § 14 (eff. Dec. 1, 2023)). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if Plaintiff is a prisoner, and even if he is granted leave to commence his suit IFP, he remains obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $405 in filing and administrative fees required to commence this civil action, nor has he submitted a motion to proceed IFP pursuant to 28 U.S.C. § 1915(a). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II.  Conclusion and Order

Accordingly, the Court:

(1)  **DISMISSES** this civil action *sua sponte* without prejudice based on Plaintiff's failure to pay the $405 civil filing and administrative fee or to submit a motion to proceed IFP pursuant to 28 U.S.C. § 1914(a) and § 1915(a); and

(2)  **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to: (a) prepay the entire $405 civil filing and administrative fee in full; or (b) complete and file a motion to proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. Cal. Civ. L.R. 3.2(b).

The Clerk of the Court is **DIRECTED** to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either pay the $405 civil filing fee or submit a properly supported motion to proceed IFP within 45 days, this action will remain dismissed without

/ / /
/ / /

prejudice based solely on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirement and without further Order of the Court.[1]

**IT IS SO ORDERED.**

Dated: April 1, 2025

                                         Hon. Barry Ted Moskowitz
                                         United States District Judge

---

[1] Plaintiff is cautioned that if he chooses to proceed further by either prepaying the full $405 civil filing fee, or submitting a properly supported Motion to Proceed IFP, his Complaint will be screened before service and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and/or 28 U.S.C. § 1915(e)(2)(B), regardless of whether he pays the full $405 filing fee at once, or is granted IFP status and is obligated to pay the full filing fee in installments. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seeking redress from a governmental entity or officer or employee of a governmental entity.")